UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA MARTIN,                                   Case No.: 20-CA-000452

      Plaintiff,

vs.

GENESIS ELDERCARE
REHABILITATION SERVICES, LLC

      Defendant,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSHUA MARTIN, hereinafter referred to as "PLAINTIFF" by and through his undersigned counsel and sues the Defendant, GENESIS ELDERCARE REHABILITATION SERVICES, LLC, hereinafter referred to as "DEFENDANT" and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## PARTIES

3. Defendant is a foreign corporation licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

4. Plaintiff resides in Brandon, Hillsborough County, Florida.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8. Plaintiff then received a Notice of Right to Sue from the EEOC.

9. More than 180 days have passed since the filing of the Charge of Discrimination.

## GENERAL ALLEGATIONS

10. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

11. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

12. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

13. Plaintiff requests a jury trial for all issues so triable.

## FACTS

14. Plaintiff began his employment with Defendant on or about August 2011, as a Physical Therapy Assistant.

15. Throughout Plaintiff's eight years of employment he was assigned to Defendant's Brandon Health & Rehabilitation facility where he worked with approximately five other Physical Therapy Assistants.

16. Plaintiff was the longest tenured full time Physical Therapy Assistant at that facility.

17. During Plaintiff's employment he had an unblemished personnel file.

18. On or about December 6, 2018, Plaintiff was injured in the line of duty and suffered a serious health condition and qualified disability.

19. Plaintiff returned to work on or about August 15, 2019.

20. Plaintiff would have and could have returned to work sooner but Defendant refused, following his request, to accommodate his lifting restrictions or to provide a reasonable accommodation.

21. Upon Plaintiff's return he was scheduled for a surgical procedure related to his condition on September 9, 2019.

22. On the evening following the procedure Plaintiff emailed his supervisor to let her know he would not be in the next day because of his condition.

23. Upon Plaintiffs return, his supervisor confronted him and asked whether Human Resources had gotten a hold of him, which they had not.

24. Ever since Plaintiff's return to work he was assigned lower level patients and groups.

25. Plaintiff's coworkers also commented to him that they felt he was being targeted since his return.

26. On September 20, 2019, after returning to work from lunch Plaintiff was informed by the Regional Manager to finish his notes and clock out. Plaintiff was informed that they were investigating a compliance issue from the day before.

27. A few days later, Plaintiff was interviewed over the phone and answered all questions truthfully.

28. Plaintiff was not presented with any notes, documents, time punches or other writings relating to the purported investigation.

29. On October 3, 2019, after two weeks of administrative leave Plaintiff was fired without notice or prior disciplinary action.

30. Defendant skipped three stages of its progressive discipline policy.

31. Upon information and belief numerous other individuals who have engaged in similar alleged conduct have not been terminated or even disciplined for the pretextual reason utilized as a

basis to terminate Plaintiff.

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") DISABILITY DISCRIMINATION

32. Plaintiff realleges paragraphs one (1) through thirty-one (31) as though set forth fully herein.

33. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

34. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

35. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability.

36. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Pecuniary and non-pecuniary losses;

    g. Attorney's fees and costs; and

    h. For any other relief this Court deems just and equitable Plaintiff may be justly entitled.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

37. Plaintiff realleges paragraphs one (1) through thirty-one (31) as though set forth fully herein.

38. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice for opposing Defendant's discriminatory treatment of him, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

39. The above described acts constitute retaliation, in violation of the ADAAA.

40. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages;

   e. Pecuniary and non-pecuniary losses;

   f. Attorney's fees and costs; and

   g. For any other relief this Court deems just and equitable.

## COUNT III
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") FAILURE TO ACCOMADATE

41. Plaintiff realleges paragraphs one (1) through thirty-one (31) as though set forth fully herein.

42. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

43. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job

with Defendant.

44. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interaction process.

45. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Pecuniary and non-pecuniary losses;

    g. Attorney's fees and costs; and

    h. For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – DISABILITY DISCRIMINATION

46. Plaintiff realleges paragraphs one (1) through thirty-one (31) as though set forth fully herein.

47. As described above, Plaintiff has a disability, and/or the Defendant perceived him to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

48. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability and/or perceived disability.

49. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

 a. Back pay and benefits;

 b. Interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

 e. Punitive Damages

 f. Pecuniary and non-pecuniary losses;

 g. Attorney's fees and costs; and

 h. For any other relief this Court deems just and equitable.

## COUNT V
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION

50. Plaintiff realleges paragraphs one (1) through thirty-one (31) as though set forth fully herein.

51. As described above, Plaintiff suffered an adverse employment action (termination) for opposing Defendant's discriminatory treatment of him, which action is unlawful pursuant to Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

52. The above-described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

53. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

 a. Back pay and benefits;

 b. Interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages;

e.	Pecuniary and non-pecuniary losses;

	f.	Costs and attorney's fees;

## COUNT VI
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – FAILURE TO ACCOMADATE

54.  Plaintiff realleges paragraphs one (1) through thirty-one (31) as though set forth fully herein.

55.  As described above, Plaintiff has a disability, and/or the Defendant perceived him to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

56.  By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability and/or perceived disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interaction process.

57.  As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

	a.	Back pay and benefits;

	b.	Interest on back pay and benefits;

	c.	Front pay and benefits;

	d.	Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

	e.	Punitive Damages

	f.	Pecuniary and non-pecuniary losses;

	g.	Attorney's fees and costs; and

	h.	For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff respectfully request all legal and equitable relief allowed by law

including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated: November 10, 2020

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
WOLFGANG M. FLORIN, ESQUIRE
Florida Bar No.: 907804
wolfgang@fgbolaw.com
CHRISTOPHER D. GRAY, ESQUIRE
Florida Bar No.: 902004
Chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Attorneys for Plaintiff